F I L E D
United States Court of Appeals
Tenth Circuit

OCT 14 1998

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ANTHONY LOCKE, also known as
SEALED,

Defendant - Appellant.

No. 97-1456
(D. Ct. No. 96-CR-418-Z)
(D. Colo)

**ORDER AND JUDGMENT***

Before **TACHA**, **HENRY**, and **MURPHY**, Circuit Judges.

Defendant appeals from the final judgment and conviction entered by the district court on December 23, 1997, pursuant to a jury verdict of guilty. He asserts on appeal that this court should reverse his conviction for any one of three reasons: 1) the district court violated his Sixth Amendment right of self-representation; 2) the trial court erred in allowing expert testimony regarding the typical demarcation between the amount of crack cocaine bought for usage or

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

distribution; and 3) the government's closing argument prejudiced the defense. We affirm.

## Background

The six-count indictment against defendant charged that he had conspired to distribute crack cocaine and had, on five specific occasions, used a communication facility (telephone) to distribute drugs in violation of 21 U.S.C. § 843(b). Following a five-day trial, the jury found the defendant guilty on all six counts.

## Discussion

### I. Sixth Amendment Right of Self-Representation

"A criminal defendant is both constitutionally and statutorily entitled to waive his Sixth Amendment right to counsel and proceed pro se in a federal criminal trial." United States v. McKinley, 58 F.3d 1475, 1480 (10th Cir. 1995); see also, e.g., Faretta v. California, 422 U.S. 806, 834-35 (1975). However, to invoke this right, the defendant must timely assert his intention "clearly and unequivocally," McKinley, 58 F.3d at 1480, and the decision must be voluntary, intelligent, and knowing, see Faretta, 422 U.S. at 835; United States v. Treff, 924 F.2d 975, 978 (10th Cir. 1991). Moreover, no constitutional right to a hybrid form of representation exists. See McKinley, 58 F.3d at 1480; Treff, 924 F.2d at 979 n.6.

The parties in this case do not dispute the law. Instead, their arguments center upon whether Mr. Locke properly asserted his intention to proceed pro se. Relying primarily on defendant's "Motion of [I]neffective Counsel" and "Defendant's Affidavit in Support of Motion to Act as Co-Counsel," defendant argues that he made a clear and unequivocal request to represent himself. The government, however, asserts that he simply requested permission to act as co-counsel. We agree with the government.

In his "Motion of [I]neffective Counsel" defendant states, "If effective counsel cannot be appointed, defendant request[s the] Court to find defendant standing Pro Se." He later agreed to retain his current counsel. Further, in "Defendant's Affidavit in Support of Motion to Act as Co-Counsel," he declares:

> 7. Your deponent[] will be represented at this trial by [a] practicing attorney. It is my intention to fully cooperate with this attorney regarding the exercise of any co-counsel role granted me by the Court. . . .
>
> 8. That at the present time, your deponent conceive[s] of his co-counsel role as embracing the following: participation in the process of jury selection; participating in opening and closing statements; and[] participation in cross-examination of any witness the government may offer.

These representative statements do not clearly and unequivocally state defendant's desire to represent himself. They merely indicate that he would like to somewhat participate in his defense as co-counsel. Moreover, nowhere in either of these motions or during the pretrial hearing does defendant clarify his

desire to represent himself. Thus, because defendant has no constitutional right to a form of hybrid representation and did not clearly and unequivocally indicate his desire to proceed pro se, no violation of the Sixth Amendment occurred.

## II. Expert Testimony Regarding Distribution Amounts of Crack Cocaine

During the testimony of Detective Herrera, an expert witness regarding street sales, distribution, and use of crack cocaine in the Denver or Aurora area, defendant objected to Herrera giving his opinion regarding the amount of crack that indicates distribution rather than mere personal usage. We review the trial court's decision to admit or exclude expert testimony for abuse of discretion, see United States v. Markum, 4 F.3d 891, 895 (10th Cir. 1993); United States v. McDonald, 933 F.2d 1519, 1522 (10th Cir. 1991), and find none here. Detective Herrera made a general observation and did not cross the line of making a determination that should be left to the jury. He did not offer an opinion regarding the cocaine purchased specifically by Mr. Locke.

## III. Prejudicial Closing Argument by Prosecution

This court reviews a prosecutor's remarks during closing argument for plain error and will reverse only to correct particularly egregious wrongs. See United States v. Young, 470 U.S. 1, 14-15 (1985); United States v. Hooks, 780 F.2d 1526, 1532 (10th Cir. 1986). Prior to closing arguments in this case, the district court cautioned:

[A]ttorneys are not supposed to state their own personal feelings about credibility of witnesses or the justness of a cause, so I don't want to hear the attorneys saying: I really believe that so and so is credible, or I really think that he isn't – that he's innocent or anything like that. You can't do it.

During the government's closing argument, its attorney stated, "I'm not going to talk to you about things that I don't think need any more explanation. And the reason is because I think there is a lot of the evidence in this case that is just absolutely beyond any doubt at all." We find that this comment constituted, at most, de minimis error and certainly does not rise to the level of plain error needed for reversal. See United States v. Kapnison, 743 F.2d 1450, 1460 (10th Cir. 1984) ("Every slight excess of the prosecution does not require that a verdict be overturned and a new trial ordered.").

## Conclusion

In accordance with the above determinations, we find no error that warrants reversal. All pending motions are denied. AFFIRMED.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge